IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MICHAEL LEE JORDAN**                                                           **PLAINTIFF**

**v.**                                                      **CIVIL NO. 1:23-cv-00190-BWR**

**JOHN DOE**                                                              **DEFENDANT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court *sua sponte*. After considering the record and relevant legal authority, the Court finds that Plaintiff Michael Lee Jordan's remaining claims against Defendant John Doe should be dismissed without prejudice for failure to obey the Court's Order and to prosecute. There being no other claims to adjudicate, Plaintiff's Motion [62] for Supplemental Jurisdiction should be denied, and this case should be closed.

### I.     BACKGROUND

Plaintiff is a postconviction inmate housed in the custody of the Mississippi Department of Corrections ("MDOC") at the South Mississippi Correctional Institution ("SMCI") in Leakesville, Mississippi. Compl. [2] at 10; Notice [45] at 1. He filed this lawsuit under 42 U.S.C. § 1983, and he named Russell Houston, John Hunt, and John Doe as Defendants. Compl. [2] at 507; Order [65] at 9. The John Doe Defendant, who was added to the docket on February 13, 2025, represents "correctional personnel" allegedly involved in the deprivation of Plaintiff's personal property, who he expressed a desire to name as Defendants "in an amended complaint." Order [65] at 6 (quotations omitted).

On March 26, 2025, the Court granted summary judgment to Defendants Houston and Hunt and dismissed Plaintiff's claims against them with prejudice. Order [69] at 24. Plaintiff was contemporaneously warned that it is his responsibility to prosecute this case, "which includes providing a full and accurate name or names for Defendant(s) John Doe, including an address or addresses for service of process." *Id.* at 25. Within 30 days, Plaintiff was ordered to "provide the Court with the names and addresses for all correctional officers he claims participated in the confiscation of his property on June 8, 2022, that he wants to name as Defendants." *Id.* Plaintiff was cautioned that his "failure to timely comply with this Order will be considered a purposeful delay and contumacious act by Plaintiff and will result in the dismissal of his claims against all fictitiously named Defendants without prejudice and without further notice." *Id.* The Court specifically instructed that "no further extensions of time will be granted" within which to identify the John Doe Defendant(s), as "Plaintiff has long been on notice of his obligation to name all Defendants." *Id.*

The Order [69] Granting Motion [50] for Summary Judgment was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. According to MDOC's records, Plaintiff is still housed at SMCI,[1] so the Court has every reason to believe that Plaintiff received its Order [69] Granting Motion [50] for Summary Judgment. Yet Plaintiff did not comply with the Court's directive to identify the John Doe Defendant(s) within 30 days, and indeed has not

---

[1] *See* Inmate Details, Michael Jordan, *available at* https://www.ms.gov/mdoc/inmate/Search/GetDetails/34318 (last accessed July 3, 2025). The Court "may take judicial notice of matters of public record." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

identified the John Doe Defendant(s) in the more than three months since being instructed to do so.  Instead, Plaintiff noticed [70] an appeal from the Court's summary-judgment order, but he makes no mention of his outstanding obligation to identify the John Doe Defendant(s) in his Notice [70] of Appeal, Supporting Memorandum [71], or Motion [72] for Leave to Appeal *in forma pauperis*.

## II.  DISCUSSION

The Court may dismiss an action for a plaintiff's failure to obey the Court's orders under Federal Rule of Civil Procedure 41(b) and its inherent authority to dismiss the action *sua sponte*.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).  The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases."  *Link*, 370 U.S. at 630-31.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

This case has been pending for almost two years, and Plaintiff has been warned numerous times that it may be dismissed for his failure to obey the Court's Orders.  Yet Plaintiff failed to timely identify the John Doe Defendant(s), despite being warned that it was his responsibility to do so by April 25, 2025.  The Court has given

Plaintiff the benefit of more than two months beyond his deadline, but he has failed to comply with the Court's instruction. Plaintiff's inaction represents a lack of interest in pursuing claims against the John Doe Defendant(s), which the Court interprets as his desire to abandon the remaining claims altogether.

As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005); *see also Rogers v. Kroger Co.*, 669 F.2d 317, 321-22 (5th Cir. 1982) (finding that "explicit warnings are preliminary means or less severe sanctions that may be used to safeguard a court's undoubted right to control its docket"). Under these circumstances, dismissal without prejudice is warranted.

Finally, Plaintiff filed a Motion [62] for Supplemental Jurisdiction on September 17, 2024, asking the Court to exercise supplemental jurisdiction over his state-law claims against Defendants "for unlawful conversion of property" and "interfering [with his] access to [the] courts." Mot. [62-2] at 1. Under 28 U.S.C. § 1367(c), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." "The general rule in the Fifth Circuit 'is that a court should decline to exercise jurisdiction over remaining state law claims when all federal-law claims are eliminated before trial." *Est. of Parker v. Miss. Dep't of Pub. Safety*, 728 F. Supp. 3d 372, 392 (S.D. Miss. 2024) (quoting *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009)). Insofar as the Court has now dismissed every

4

claim and Defendant over which it had original jurisdiction, it will decline to exercise supplemental jurisdiction over Plaintiff's ancillary state-law claims.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff Michael Lee Jordan's claims against Defendant John Doe are **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Order and to prosecute.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Plaintiff Michael Lee Jordan's Motion [62] for Supplemental Jurisdiction is **DENIED.**

There being no other claims to adjudicate, this case is **CLOSED**. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 14th day of July, 2025.

*s/ Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE